J-S11008-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WINFRED MILNER | : | |
| | : | |
| Appellant | : | No. 732 WDA 2024 |

Appeal from the Order Entered May 14, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0005326-1982

BEFORE: MURRAY, J., KING, J., and LANE, J.

MEMORANDUM BY MURRAY, J.:            **FILED: APRIL 3, 2025**

Winfred Milner (Appellant), *pro se*, appeals from the order dismissing his third Post Conviction Relief Act[1] (PCRA) petition as untimely filed. We affirm.

In December 1982, a jury found Appellant guilty of one count each of rape, involuntary deviate sexual intercourse, unlawful restraint, simple assault, and criminal conspiracy.[2] On May 20, 1983, the Honorable Robert E. Dauer (Judge Dauer) sentenced Appellant to an aggregate term of 25-50 years' imprisonment. This Court affirmed the judgment of sentence in April 1985, after which the Supreme Court of Pennsylvania denied allowance of

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 3121(a)(1), 3123(a)(1), 2902, 2701(a)(1), 903(a)(1).

appeal. *See Commonwealth v. Milner*, 495 A.2d 613 (Pa. Super. 1985) (unpublished memorandum), *appeal denied*, 252 WAL 1985 (Pa. 1985).[3]

Appellant filed his first PCRA petition in March 1997. The PCRA court appointed Appellant counsel, who filed an amended petition. The PCRA court dismissed the petition as untimely filed in July 1998, after which Appellant appealed. In August 1999, this Court reversed and remanded the matter for an evidentiary hearing. *See Commonwealth v. Milner*, 745 A.2d 43 (Pa. Super. 1999) (unpublished memorandum at 3-4) (remanding for an evidentiary hearing on the timeliness of Appellant's PCRA petition under the "prisoner mailbox rule"); *see also Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) (pursuant to the prisoner mailbox rule, a prisoner's *pro se* filing "is deemed filed on the date he delivers it to prison authorities for mailing." (citation omitted)); Pa.R.A.P. 121(f) (same).

Judge Dauer conducted an evidentiary hearing on June 27, 2000, pursuant to this Court's directive. Judge Dauer determined that Appellant timely filed his PCRA petition under the prisoner mailbox rule. *See* Memorandum Opinion, 3/9/01, at 3-4; *see also* Order, 3/9/01, ¶ 1 (scheduling an evidentiary hearing on the merits of Appellant's claims).

---

[3] Appellant did not seek review by the United States Supreme Court. Thus, his judgment of sentence became final on January 20, 1986. *See* 42 Pa.C.S.A. § 9545(b)(3) (for purposes of the PCRA, a judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.").

The PCRA court subsequently appointed David Cercone, Esquire (Attorney Cercone) to represent Appellant in the PCRA proceedings. Notably to the instant appeal, on June 4, 2001, Appellant filed a "Motion for State Funding for Laboratory Testing of DNA Evidence" (Motion for DNA Funding).[4] Judge Dauer granted the Motion for DNA Funding on June 4, 2001 (DNA Testing Order). Order, 6/4/01.[5]

On August 26, 2003, Attorney Cercone filed a petition to withdraw as counsel, asserting, in relevant part, as follows:

> [Attorney Cercone] prepared and attempted to file a petition before [the PCRA c]ourt in an attempt to be granted an evidentiary hearing to address issues regarding DNA evidence. [**Attorney Cercone**] **forwarded said petition to** [**Appellant**] **for his original signature before filing**[;] **however,** [**Appellant**] **refused to sign the pleading.** …. In the interim[, Attorney Cercone] was contacted by representatives of the Innocence Project of Benjamin Cardozo Law School suggesting that the

---

[4] Appellant claimed in the Motion for DNA Funding that he was indigent, and he asked the court to authorize state funding for DNA laboratory testing. Motion for DNA Funding, 6/4/01, ¶ 8; **see also id.** ¶ 5 (asserting the DNA test results would exculpate Appellant). Appellant pointed out that Judge Dauer scheduled an evidentiary hearing on the merits of Appellant's PCRA claims to occur on April 16, 2001. **Id.** ¶ 2. According to Appellant, "[i]mmediately prior to the scheduled hearing, [the] City [of Pittsburgh] Police Commander in charge of the sex investigation property room contacted [Appellant's] counsel to advise that, in fact, a rape kit did exist containing unknown physical evidence relating to [Appellant's] case." **Id.** ¶ 4 (punctuation and capitalization modified).

[5] On July 25, 2001, Judge Dauer entered an order directing the "City of Pittsburgh Police Sex Assault Squad … to forward all physical evidence in their possession including, but not limited to[,] the rape kit test" performed on the victim to a DNA forensic analyst. Order, 7/25/01. The record does not disclose what action, if any, was taken regarding this order. Moreover, the record does not contain any DNA testing results.

aforementioned petition was not the appropriate course of action for this case. [Appellant] has since corresponded with [Attorney Cercone] to inform him that [Appellant] no longer wishes [Attorney Cercone] to represent him.

Petition to Withdraw as Counsel, 8/26/03, ¶¶ 4-8 (paragraph numbering and breaks omitted).

On September 10, 2003, the PCRA court entered an order granting Attorney Cercone permission to withdraw. Order 9/10/03, ¶ 1. The order further directed that on or "before October 15, 2003, [Appellant] shall arrange to have counsel enter an appearance on his behalf to address any amendments to his original PCRA Petition **and the filing of a post-conviction DNA testing motion, if** [**Appellant**] **desires to file such a motion**." Order 9/10/03, ¶ 3 (emphasis added); *see also id.* ¶ 4 ("[I]f counsel does not file an appearance as herein ordered, a hearing may be scheduled to determine whether this [c]ourt should appoint counsel for [Appellant]."). **Appellant did not file a post-conviction DNA testing motion.**

On October 21, 2003, the PCRA court appointed Appellant new PCRA counsel, John Lewis, Esquire (Attorney Lewis). On January 10, 2005, Attorney Lewis filed an amended PCRA petition. In the amended petition, Appellant pointed out Judge Dauer's 2001 DNA Funding Order. Amended PCRA Petition, 1/10/05, at 18. Appellant argued that "[t]ragically, the Commonwealth, either through reckless disregard for [Appellant's] due process rights and/or bad faith, has **lost or destroyed all evidence which could be subjected to**

**DNA testing** and potentially exonerate [Appellant]." *Id.* (emphasis added). Attorney Lewis stated that he "has recently been in contact with [a police] Officer [associated with the] City of Pittsburgh Police property room[,]" who reported that "no evidence regarding [Appellant's] case could be found." *Id.*; *see also id.* at 19 (Attorney Lewis representing that he had spoken with an Allegheny County Assistant District Attorney, "past PCRA counsel [Attorney] Cercone, as well as individuals with the Innocence Project, who confirm that searches of the City of Pittsburgh [Police p]roperty room disclosed no physical evidence still existent in connection with [Appellant's] case.").

The Commonwealth filed an answer to Appellant's amended PCRA petition on April 15, 2005. Regarding the unavailability of evidence that could be subjected to DNA testing, the Commonwealth asserted that Appellant "makes no affirmative showing that the evidence is unavailable as a result of bad faith on the police or the Commonwealth[,]" and therefore, Appellant is not entitled to collateral relief on this claim. Answer, 4/15/05, at 23.

The PCRA court dismissed Appellant's amended PCRA petition on December 29, 2008, after an evidentiary hearing. Appellant appealed; this Court quashed the appeal as untimely filed on March 7, 2013, after which our Supreme Court denied allowance of appeal. *See Commonwealth v. Milner*, 1062 WDA 2012 (Pa. Super. 2013) (order), *appeal denied*, 120 WAL 2013 (Pa. 2013).

In April 2015, over 19 years after Appellant's judgment of sentence became final, Appellant filed a *pro se* motion, which the PCRA court treated as a second PCRA petition. ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (stating that this Court has "repeatedly held that any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition.") (citation and ellipses omitted). The PCRA court appointed Appellant new PCRA counsel, who subsequently filed a "no-merit" letter and petition to withdraw as counsel, pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). In June 2016, the PCRA court issued Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition without an evidentiary hearing, stating that the court lacked jurisdiction to address the petition because it was untimely filed, and Appellant had not pled and proven any timeliness exception to PCRA's one-year jurisdictional time bar, 42 Pa.C.S.A. § 9545(b)(1).[6] The PCRA court subsequently granted PCRA counsel's petition to withdraw as counsel.

---

[6] Section 9545(b)(1) provides that an untimely PCRA petition may be considered timely if a petitioner pleads and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered with due diligence; or (3) a newly-recognized constitutional right given retroactive application. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). We hereafter refer to these exceptions as the "timeliness exceptions."

On June 24, 2016, the PCRA court dismissed Appellant's second PCRA petition. This Court affirmed the dismissal, determining "the PCRA court properly concluded that Appellant failed to plead and prove any of the timeliness exceptions provided in 42 Pa.C.S. § 9545(b)(1), and properly dismissed Appellant's [p]etition as untimely." *Commonwealth v. Milner*, 169 A.3d 1139 (Pa. Super. 2017) (unpublished memorandum at 6). The Pennsylvania Supreme Court subsequently denied Appellant's petition for allowance of appeal. *Commonwealth v. Milner*, 174 A.3d 553 (Pa. 2017). The United States Supreme Court later denied Appellant's petition for writ of *certiorari*. *Milner v. Pennsylvania*, 583 U.S. 1125 (2018).

On March 27, 2024, Appellant filed the instant *pro se* motion,[7] which the PCRA court treated as a third PCRA petition. Appellant's third PCRA petition referenced Judge Dauer's 2001 DNA Testing Order,[8] and asserted, in relevant part, as follows:

> [A]n Order directing the City of Pittsburgh Police's Sex Assault Squad to forward DNA evidence to a [DNA forensic analyst] was entered on July 25, 2001. [Appellant] has never received the results of that ordered DNA testing through counsel or otherwise, nor does [Appellant] believe that such results were ever entered on the docket entry file.

---

[7] Appellant titled his filing "Motion to Vacate Judgment of Sentence/Motion to Compel Disclosure of Post-Conviction DNA Testing Results." We hereinafter refer to this motion as Appellant's "third PCRA petition."

[8] Appellant attached a copy of the DNA Testing Order to his third PCRA petition. Third PCRA Petition, 3/27/24, Attachment.

Third PCRA Petition, 3/27/24, ¶¶ 3-4 (paragraph numbering and breaks omitted). Appellant maintained that "[a]n order compelling disclosure of the [DNA] testing results is necessary to protect [Appellant's] due process rights." *Id.* ¶ 8. Importantly, **Appellant did not acknowledge the facial untimeliness of his third PCRA petition, nor did he invoke any of the PCRA's timeliness exceptions.**

On March 13, 2024, the PCRA court ordered the Commonwealth to file a response to the third PCRA petition. Order, 3/13/24. No response is contained in the certified record or noted on the PCRA court's docket.[9]

On May 14, 2024, the PCRA court dismissed Appellant's third PCRA petition, without a hearing.[10] The court stated, "upon review of [Appellant's third] PCRA petition, the Commonwealth's answer, and this court's thorough review of the record, this court finds that the [third PCRA] petition is time-

---

[9] In its appellate brief, the Commonwealth maintains that it filed an answer to the third PCRA petition on April 5, 2024, which "is available on PACFile at CP-02-CR0005326-1982, although [the answer] does not appear to have been transmitted as a docket entry in the certified record for this appeal." Commonwealth Brief at 9 n.2. Appellant filed a *pro se* response to the Commonwealth's answer on April 31, 2024.

[10] The PCRA court did not issue a Pa.R.Crim.P. 907 notice of its intention to dismiss the third PCRA petition without a hearing. However, we need not determine whether the court's omission was error, as Appellant has not challenged this omission on appeal. *See Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) ("The failure to challenge the absence of a Rule 907 notice constitutes waiver." (citing *Commonwealth v. Boyd*, 923 A.2d 513, 514 n.1 (Pa. Super. 2007)). "Moreover, failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely." *Commonwealth v. Zeigler*, 148 A.3d 849, 851 n.2 (Pa. Super. 2016).

- 8 -

barred and no [timeliness] exceptions apply." Order, 5/14/24 (capitalization modified).

Appellant timely filed a *pro se* notice of appeal, followed by a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.[11] The PCRA court issued its Rule 1925(a) opinion on August 28, 2024.

Appellant presents the following issues for our review:

I.    Whether judges of the Court of Common Pleas of Allegheny County committed reversible error, [and] denied [Appellant] due process[,] when they violated the doctrine of coordinate jurisdiction?

      a. Whether the trial judges abused the discretion of the court, because judges of the lower court on remand were without power to modify, alter, set aside or in any manner disturb or depart from Judge Dauer's prior judgment of [Appellant's] PCRA petition being timely filed, and [the PCRA court's] order granting a[n] evidentiary hearing?

II.   Whether [Appellant] suffered from the unlawful withholding, concealment and suppression by the prosecutor[]'s office – during trial and on appellate review?

      a. Whether [the] prosecutor's [] refusal to obey and/or their wanton disregard of a lawful court order was contempt of rules of court procedures, when failing to collect/preserve, [and] disclose to [the] defense[,] material crime scene[ ]trace evidence to be submitted for DNA testing?

III.  Whether the trial court judges failed to determine on the record, first whether the exculpatory[,] material evidence still exist[s]? And second[,] if not, was the same now missing/undisclosed exculpatory evidence purposefully

---

[11] The PCRA court did not order Appellant to file a Rule 1925(b) concise statement.

- 9 -

destroyed in bad faith during a subterfuge by the District Attorney's Office?

IV.  Whether [the] District Attorney's Office and police department's failure to disclose to [Appellant's] defense exculpatory/material evidence, before spo[li]ation and bad faith destruction, was tantamount to a travesty of justice and a denial of due process?

Appellant's Brief at 4 (capitalization modified).  As Appellant's issues are closely interrelated, we address them together.[12]

When reviewing the dismissal of a PCRA petition, we examine "whether the PCRA court's conclusions are supported by the record and free from legal error."  *Commonwealth v. Johnson*, 289 A.3d 959, 979 (Pa. 2023) (citation omitted).  The scope of our review "is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level."  *Commonwealth v. Conforti*, 303 A.3d 715, 725 (Pa. 2023) (citations omitted).

Preliminarily, we address the timeliness of Appellant's third PCRA petition.  Where a PCRA petitioner fails to file a timely petition, "neither this Court nor the [PCRA] court has jurisdiction over the petition."  *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010) (citation

---

[12] While we acknowledge that Appellant's *pro se* brief does not strictly comply with our Rules of Appellate Procedure, we decline to find waiver.  *See*, *e.g.*, *Commonwealth v. Blakeney*, 108 A.3d 739, 766 (Pa. 2014) (acknowledging that this Court "may liberally construe materials filed by a *pro se* litigant").  *But see also id.* (stating "*pro se* status confers no special benefit upon a litigant, and a court cannot be expected to become a litigant's counsel or find more in a written *pro se* submission than is fairly conveyed in the pleading.").

omitted); ***Johnson***, 289 A.3d at 979 ("[C]ourts are prohibited from considering an untimely PCRA petition." (citation omitted)). As stated above, Appellant's judgment of sentence became final in January 1986. He did not file his third PCRA petition until March 27, 2024, over 38 years after his judgment of sentence became final. Accordingly, Appellant's third PCRA petition is facially untimely.

If a PCRA petitioner did not file his petition within one year of his judgment of sentence becoming final, the "petitioner may overcome the PCRA's time-bar if he pleads and proves one of the [timeliness] exceptions set forth in 42 Pa.C.S.A. § 9545(b)."[13] ***Commonwealth v. Reeves***, 296 A.3d 1228, 1231 (Pa. Super. 2023). **A PCRA petitioner "bears the burden of proving the applicability of one of the** [**timeliness**] **exceptions."** ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017) (emphasis added). Our Supreme Court has stated that a PCRA petitioner's burden to plead and prove the applicability of one or more of the timeliness exceptions "necessarily entails an **acknowledgement by the petitioner that the PCRA petition under review is untimely** but that one or more of the [timeliness] exceptions apply." ***Commonwealth v. Crews***, 863 A.2d 498, 501 (Pa. 2004) (citations omitted, emphasis in original). "If a petitioner fails to invoke a valid

_____

[13] Moreover, any PCRA petition invoking any of the timeliness exceptions must also establish that the petitioner invoked the exception within one year of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

[timeliness] exception, the court lacks jurisdiction to review the petition or provide relief." **Reeves**, 296 A.3d at 1231 (citing **Spotz**, 171 A.3d at 676).

Instantly, **Appellant never invoked any timeliness exception in his third PCRA petition or acknowledged the petition's facial untimeliness**.[14]  Accordingly, as Appellant has failed to plead and prove any timeliness exception to the PCRA's time-bar, both the PCRA court and this Court lack jurisdiction to consider the merits of Appellant's issues.  **Id.**; **Albrecht**, 994 A.2d at 1093.  The PCRA court thus properly dismissed Appellant's third PCRA petition as untimely filed.

We briefly address Appellant's assertion that the District Attorney's Office improperly 1) withheld purported DNA evidence/testing results from the defense; and/or 2) "permit[ted] the unlawfully suppressed material evidence, and DNA testing results[,] to be destroyed in bad faith[.]"  Appellant's Brief at 16 (capitalization modified); **see also id.** at 21 (emphasizing Judge Dauer's DNA Testing Order).  To the extent Appellant attempts to invoke the newly-discovered fact timeliness exception codified at 42 Pa.C.S.A. §

---

[14] Moreover, Appellant's appellate brief does not invoke any timeliness exception. **See Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2005) (stating a PCRA petitioner may not raise one of the timeliness exceptions for the first time on appeal).

9545(b)(1)(ii),[15] this claim does not entitle Appellant to relief.  As the PCRA

court concisely reasoned in its Rule 1925(a) opinion,

> Appellant asserts that DNA evidence was being withheld from him in bad faith.  However, in a prior PCRA [petition], [Appellant's] prior counsel[, Attorney Lewis,] acknowledged that, despite a thorough search of the [Pittsburgh Police] property room, no evidence regarding Appellant's case was found.  (**See** Amended PCRA Petition, January 10, 2005, at 18).  **Appellant has known for almost 20 years that the evidence he seeks does not exist.**  This issue is not new as it relates to subsection (ii) and this [c]ourt correctly found that no [timeliness] exception to the timeliness requirement applied.

PCRA Court Opinion, 8/28/24, at 5 (emphasis added).  The PCRA court's

analysis is supported by the record and the law, and we agree with its

conclusion.

> The record also confirms the Commonwealth's argument that

> Appellant does not argue anything that amounts to new evidence. Specifically, in the [third PCRA petition], Appellant wanted to compel the production of DNA testing results that were ordered by the PCRA court on June 4, 2001.  (**See** [Third PCRA Petition, 3/27/24, Attachment (DNA Testing Order)]).  However, the DNA testing that Appellant seeks to have the results of was never done, [and] the evidence does not exist; a fact that Appellant is well aware of, where it was specifically noted by [Attorney Lewis] in the January 10, 2005, Amended PCRA Petition … (**see** [Amended PCRA Petition, 1/10/05], p. 18); and the January 31, 2008 Brief in Support of Amended PCRA Petition … ([Brief in Support of

---

[15] To establish the newly-discovered fact exception, the petitioner must plead and prove two prongs: "(1) the facts upon which the claim was predicated were unknown[;] and (2) they could not have been ascertained by the exercise of due diligence." **Commonwealth v. Cox**, 146 A.3d 221, 227 (Pa. 2016) (citation omitted).  The focus of the newly-discovered fact exception "is on the newly discovered facts, **not on a newly discovered or newly willing source for previously known facts**." **Commonwealth v. Lopez**, 249 A.3d 993, 1000 (Pa. 2021) (citation and footnote omitted; emphasis in original).

Amended PCRA Petition, 1/31/08], p. 11 [("[T]he Commonwealth, either through reckless disregard and/or bad faith, has lost or destroyed all evidence which could be subjected to DNA testing and potentially exonerate [Appellant]. Searches of the Pittsburgh [Police] Property Room have unveiled no physical evidence still existent in connection with [Appellant's] case.")]) …. Thus, Appellant has been aware, for over 20 years, that there [are] no DNA testing results to disclose, as … the evidence no longer exists. Therefore, this is not a new fact, Appellant's [third PCRA] petition was untimely, and no [timeliness] exception to the time bar applies to Appellant's … petition.

Commonwealth Brief at 25-26 (capitalization and punctuation modified).

Based upon the foregoing, the PCRA court's conclusion that Appellant's third PCRA petition is untimely, and does not satisfy any timeliness exception, is supported by the record and free of legal error. *See Johnson*, 289 A.3d at 979. Accordingly, we affirm the order dismissing Appellant's third PCRA petition as untimely filed.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/3/2025

- 14 -